1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                        )
FLAGSTAR BANK, FSB,                        )        No. C12-1951RSL
                                                        )
                              Plaintiff,            )
                                                        )        ORDER GRANTING THE UNITED
          v.                                          )        STATES' MOTION FOR SUMMARY
                                                        )        JUDGMENT AND GRANTING IN
STEVE EERKES, DEBRA  EERKES, and  )        PART PLAINTIFF'S MOTION FOR
the INTERNAL REVENUE SERVICE,      )        SUMMARY JUDGMENT
                                                        )
                              Defendants.         )
_____)

          This matter comes before the Court on the "United States' Motion for Summary

Judgment on all Claims Against the United States" (Dkt. # 47) and "Plaintiff's Motion for

Summary Judgment" (Dkt. # 50).  Summary judgment is appropriate when, viewing the facts in

the light most favorable to the nonmoving party, there is no genuine dispute as to any material

fact that would preclude the entry of judgment as a matter of law.  L.A. Printex Indus., Inc. v.

Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012).  The party seeking summary dismissal of

the case "bears the initial responsibility of informing the district court of the basis for its motion"

(Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the

materials in the record that show the absence of a genuine issue of material fact (Fed. R. Civ. P.

56(c)(1)).  Once the moving party has satisfied its burden, it is entitled to summary judgment if

the non-moving party fails to identify specific factual disputes that must be resolved at trial.

ORDER REGARDING MOTIONS FOR
SUMMARY JUDGMENT

Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012).  The mere existence
of a scintilla of evidence in support of the non-moving party's position will not preclude
summary judgment, however, unless a reasonable jury viewing the evidence in the light most
favorable to the non-moving party could return a verdict in its favor.  U.S. v. Arango, 670 F.3d
988, 992 (9th Cir. 2012).

Having reviewed the memoranda, declarations, and exhibits submitted by the
parties, the Court finds as follows:

The facts of this case are undisputed.  In 2008, Steve and Debra Eerkes owned two
adjacent pieces of property in Mount Vernon, Washington.  They applied for a loan from
plaintiff Flagstar Bank, FSB, to refinance the mortgage on the first parcel.  The loan was
approved, and Flagstar paid off the original mortgage and recorded a Deed of Trust.
Unfortunately, the Deed of Trust included reference to the assessor's parcel number and legal
description of the second parcel, not the first.  The property records related to the first parcel
showed only that the original deed had been reconveyed, with no indication of a subsequent
mortgage.  Mr. Eerkes agrees that the parties intended to encumber the first parcel and that the
references to the second parcel were a mistake.

Mr. and Mrs. Eerkes fell behind on their federal income taxes and the United
States recorded notices of federal tax liens against all of the Eerkes property, including the first
parcel, in 2011.  Flagstar filed this action seeking (1) reformation of the Deed of Trust to identify
the first, rather than the second, parcel and (2) a declaration that the reformed Deed of Trust has
priority over the United States' lien interest in the first parcel.  Only the United States has
opposed Flagstar's motion for summary determination of its claims.  There being no genuine
issues of fact that would preclude reformation of the contract, the Deed of Trust filed with the
Skagit County Auditor on January 30, 2008, is hereby reformed to reflect the correct assessor's
parcel number (P18037) and legal description ("The East ½ of the following described property:

ORDER REGARDING MOTIONS FOR
SUMMARY JUDGMENT                    -2-

The Northwest 1/4 of the Northeast 1/4 of the Southwest 1/4 and all that portion of the Southwest 1/4 of the Northeast 1/4 of the Southwest 1/4, Section 8, Township 33 North, Range 5 East, W.M., lying North of County Road; EXCEPT that portion conveyed to Skagit County by Right-of-Way Deed recorded February 28, 1991 under Skagit County Auditor's File No. 9102280035"). To the extent any additional actions are necessary to make the reformation effective and/or to perfect Flagstar's interest in the first parcel, Flagstar and Mr. and Mrs. Eerkes shall cooperate to bring them about in a timely manner.

The issue then becomes whether this correction relates back to the date on which the Deed of Trust was originally filed so as to displace the federal tax lien from its priority position. It does not. Federal law, which determines the priority of competing claims once a federal tax lien has attached (Aquilino v. U.S., 363 U.S. 509, 513-14 (1960)), acknowledges that holders of security interests have priority over later-recorded notices of tax liens (26 U.S.C. § 6323(a)). Flagstar's loan clearly satisfies the definition of a "security interest" insofar as it is an "interest in property acquired by contract for the purpose of securing payment or performance of an obligation . . . ." 26 U.S.C. § 6323(h)(1). With regards to the first parcel, however, the security interest did not come into existence until it was "protected under local law against subsequent judgment lien arising out of an unsecured obligation . . . ." Id. Plaintiff's interest in the first parcel was not recorded and was therefore not protected against subsequent judgments under Washington law at any point before entry of this Order. See RCW 65.08.070 (an unrecorded conveyance "is void as against any subsequent purchaser or mortgagee . . ."); Zervas Group Architects, P.S. v. Bay View Tower, LLC, 161 Wn. App. 322, 325 and n.7 (2011) (Washington is a "race-notice recording state" meaning that "an unrecorded interest in real property is subordinate to a recorded interest") (internal quotation marks and citations omitted). Where an action necessary to establish priority over subsequent judgments under state law has not yet been taken, Treasury Regulation § 301.6323(h)-1(a)(2)(i) makes clear that no "rule or

ORDER REGARDING MOTIONS FOR
SUMMARY JUDGMENT                            -3-

principle of local law which permits the relation back of any requisite action to a date earlier

than the date on which the action is actually performed" is effective.  Thus, regardless of

whether a reformation generally relates back to the original contract date under Washington law,

federal law disregards such principles when a federal tax lien is vying for priority with

competing claims.  See Haas v. Internal Revenue Serv., 31 F.3d 1081 (11th Cir. 1994) (federal

tax lien recorded after mortgage was erroneously discharged and before it was judicially

reinstated had priority notwithstanding a lack of reliance or prejudice on the part of the

government); Metro. Nat'l Bank v. U.S., 901 F.2d 1297 (5th Cir. 1990) (because state law would

not have protected bank's interest against a subsequent judgment creditor absent a showing that

the creditor had actual knowledge of the defective deed of trust, the bank did not have a

"security interest" for purposes of § 6323(h)(1)); Regions Bank v. U.S., 2013 WL 635615 (E.D.

Tenn. Feb. 20, 2013) (mistaken release of mortgage dissolved bank's security interest for

purposes of § 6323(a) and (h)(1), leaving bank with only an equitable interest in the property

that could not take priority over the federal tax lien); Bank of N.Y. Mellon Trust Co. v. Phipps,

2011 WL 1322393 (D. Md. Apr. 1, 2011) (a deed of trust that was defective under state law

could not, upon reformation, unseat an intervening federal tax lien from its priority position).

But cf. Nat'l Assistance Bureau, Inc. v. Macon Memorial Intermediate Care Home, Inc., 714 F.

Supp.2d 1192 (M.D. Ga. 2009) (reformation of deed to indicate sale by delinquent taxpayer of

entire property, rather than merely a portion thereof, deprived taxpayer of any interest in the

property and relates back to the date of the sale, thereby preventing the federal tax lien from

attaching in the first instance).

   In the alternative, Flagstar argues that its priority interests in the property should

be recognized under the doctrine of equitable subrogation.  Washington has adopted Restatement

(Third) of Prop.: Mortgages § 7.3, which recognizes equitable subrogation as a means of

balancing the interests of lenders, borrowers, and junior lien holders when the original loan is

ORDER REGARDING MOTIONS FOR
SUMMARY JUDGMENT    -4-

modified or refinanced.  <u>See</u> Restatement (Third) of Prop.: Mortgages § 7.3 cmt. a and b; <u>Kim v.</u>
<u>Lee</u>, 145 Wn.2d 79, 89 (2001).  The doctrine is, at base, equitable and its applicability "depends
upon the equities and attending facts and circumstances of each case."  <u>Coy v. Raabe</u>, 69 Wn.2d
346, 351 (1966).  The Restatement itself rules out subrogation in certain circumstances:

> If a senior mortgage is released of record and, as part of the same transaction, is
> replaced with a new mortgage, the latter mortgage retains the same priority as its
> predecessor, except
>
> (1)  to the extent that any change in the terms of the mortgage or the obligation it
> secures is materially prejudicial to the holder of a junior interest in the real estate,
> or
>
> (2)  to the extent that one who is protected by the recording act acquires an interest
> in the real estate at a time that the senior mortgage is not of record.

Restatement (Third) of Prop.: Mortgages § 7.3(a).  In this case, the United States recorded its
interest in the Eerkes' property three years after the senior mortgage had been reconveyed and
was no longer of record.  Paragraph (2) therefore applies to bar equitable subrogation.  Even if
the Court were inclined to view the Restatement as merely a guideline for the exercise of
equitable powers rather than a statement of governing state law, it would not step in to save
Flagstar from its own error at the expense of the United States in the circumstances presented
here.  It was Flagstar that failed to perfect its security interest in the first parcel, thereby
rendering the property records inaccurate and unreliable.  The United States, as an involuntary
creditor, had no choice as to whether Mr. and Mrs. Eerkes would become indebted to it or the
mechanisms by which it could seek recovery:  it took the steps necessary to seek full recovery
for the public treasury.  As between the two claimants, Flagstar had every chance to protect itself
and preserve its first priority position, as permitted under both federal and state law.  Having
failed to properly record its interest, the Court declines to exercise its equitable powers to unseat
the government in Flagstar's favor.

ORDER REGARDING MOTIONS FOR
SUMMARY JUDGMENT                    -5-

1    For all of the foregoing reasons, plaintiff's motion for summary judgment (Dkt.

2  # 50) is GRANTED insofar as it seeks reformation of the Deed of Trust and DENIED insofar as

3  it seeks a declaration that its interests in the first parcel have priority over the federal tax lien.

4  The United States' motion for summary judgment is GRANTED.  The Clerk of Court is directed

5  to enter judgment in the above-captioned matter.

6

7    Dated this 4th day of September, 2014.

8

9                        Robert S. Lasnik
                          United States District Judge

ORDER REGARDING MOTIONS FOR
SUMMARY JUDGMENT                    -6-